**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

D'ANDRE BROWN
#202300040                                                                                                PLAINTIFF

v.                                                    2:26-cv-00065-JM-JJV

ANTWON EMSWELLER, Warden,
Phillips County Detention Center; *et al.*                                          DEFENDANTS

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr.  Any party may serve and file written objections to this Recommendation.  Objections should be specific and include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.     INTRODUCTION**

Plaintiff D'Andre Brown has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983 for various constitutional violations he allegedly endured while he was in the Phillips County Detention Center in March 2026, for a parole violation.  (Doc. 2.)  On May 4, 2026, I entered an Order explaining to Plaintiff why he had failed to state a plausible claim for relief and told him what additional information he needed to provide to properly plead a claim.  (Doc. 3.)  I then gave him thirty days to file an Amended Complaint curing his pleading deficiencies and cautioning him this case could be dismissed if he did not timely follow my instructions.  (*Id.*)  Plaintiff has not filed an Amended Complaint, and the time to do so has passed.  Thus, I will screen

1

the original Complaint pursuant to 28 U.S.C. § 1915A.

## II.   DISCUSSION

First, Plaintiff says on March 11, 2026, Defendant "Warden" Emsweller threatened him in an unspecified way.  But mere threats are not actionable.  *Beard v. Falkenrath*, 97 F.4th 1109, 1117 (8th Cir. 2024).

Second, Plaintiff says Defendant Emsweller took "my legal and personal mail."  (Doc. 2 at 4.)  But he has not explained who the mail was from, how often this happened, or how he was harmed. *See Beaulieu v. Ludeman*, 690 F.3d 1017, 1037 (8th Cir. 2012) (narrowly defining privileged legal mail as "mail to or from an inmate's attorney and identified as such" and explaining a plausible claim requires actual prejudice); *Ping v. Raleigh*, Case No. 98-2739, 2000 WL 59539, at *1 (8th Cir. 2000) (an isolated incident of mail interference is not enough to sustain a constitutional violation).  Accordingly, I conclude his conclusory allegation here fails to plead a plausible claim for relief.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim).

Third, Plaintiff says Defendant Emsweller "took my Bible."  (Doc. 2 at 4.)  Although I have given him the opportunity to do so, Plaintiff has not explained how long his Bible was taken, whether he had access to any other religious materials, or how the seizure substantially burdened his sincerely held religious beliefs.  *See Mbonyunkiza v. Beasley*, 956 F.3d 1048 (8th Cir. 2020) (to plead a plausible First Amendment claim, the action "must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's

religion"). Thus, I conclude he has not pled a plausible free exercise claim.

Fourth, Plaintiff says Defendant Emsweller "put me in a cell with no emergency button." (Doc. 2 at 4.) Because Plaintiff says he was in custody for a parole violation, his conditions of confinement claim falls under the Eighth Amendment. *See Flores v. Mesenbourg,* Case No. 95-17241, 1997 WL 303277, *1 (9th Cir. June 2, 1997); *Asher v. Long*, No. 4:23-CV-00916-KGB-JJV, 2023 WL 12245892, at *2 (E.D. Ark. Dec. 22, 2023), *rec. adopted*, 2026 WL 232023 (E.D. Ark. Jan. 28, 2026). Plaintiff has not explained how the lack of an emergency button created an objectively serious risk of substantial harm or if Defendant Emsweller was subjectively aware of but deliberately indifferent to that risk. *See Hamner v. Burls,* 937 F.3d 1171, 1178 (8th Cir. 2019). Thus, he has not pled a plausible conditions claim here.

Fifth, Plaintiff says: "As of 3/14/26 I haven't been let out for my hour out or shower." (Doc. 2 at 4.) It is unclear how long Plaintiff went without out-of-cell time or a shower at the Phillips County Detention Center because when he signed the Complaint on April 15, 2026, he was in another county jail. *See Tokar v. Armontrout*, 97 F.3d 1078, 1082 (8th Cir. 1996) (conditions of confinement may be tolerable for a few days and intolerably cruel for weeks or months); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (thirty-seven days without exercise was not an atypical and significant hardship on the inmate in the context of normal prison life). And, Plaintiff, who seeks damages as his only form of relief, has not explained how he was harmed by either restriction. *See Irving v. Dormire,* 519 F.3d 441, 448 (8th Cir. 2008) ("Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation"); *Smith v. Copeland,* 87 F.3d 265, 268 (8th Cir. 1996) (no constitutional violation when a prisoner failed to demonstrate he was actually harmed as a result of being exposed to raw sewage). Thus, I find these vague allegations do not state a plausible

3

claim for relief

Finally, Plaintiff says on March 11, 2026, Defendant Emsweller "told C.O. Cedrina Moore not to feed me the whole time in here." (Doc. 2 at 6.) But he has not clarified whether Correctional Officer Moore caried out those instructions, how many meals he actually missed, or how he was harmed by Defendant Emsweller's alleged instruction. *See Ingrassia v. Schafer*, 825 F.3d 891, 897 (8th Cir. 2016) (to state a plausible claim, the food must be "nutritionally inadequate or prepared in a manner presenting an immediate danger" to the prisoner's health.). Thus, I conclude this allegation here does not state a plausible Eighth Amendment claim.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.      The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted, and this case be CLOSED.

2.      In the future, dismissal of this action be counted as a strike under 28 U.S.C. § 1915(g).

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 9th day of June 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE